UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA L. MCINTYRE,

    Plaintiff,

v.                                                 Case No: 2:16-cv-805-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Cynthia L. McIntyre's Complaint (Doc. 1) filed on October 31, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, the ALJ's Decision, and Standard of Review**

    **A. Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.     Procedural History**

On April 30, 2010, Plaintiff filed applications for a period of disability and disability insurance benefits asserting an onset date of January 1, 2008. (Tr. at 139, 140, 207-208).[1] Plaintiff's application was denied initially on August 4, 2010 and upon reconsideration on November 12, 2010. (*Id.* at 139, 140). An initial hearing was held before Administrative Law Judge ("ALJ") Larry Butler on February 16, 2012. (*Id.* at 93-112). The ALJ issued an initial unfavorable decision on May 9, 2012. (*Id.* at 144-154). The ALJ found Plaintiff not to be under a disability from January 1, 2008, the alleged onset date, through September 30, 2009, the date last insured. (*Id.* at 154). The Appeals Council vacated the ALJ's hearing decision and remanded the action back to the ALJ for further evaluation of Plaintiff's mental impairments, reconsideration of Plaintiff's maximum residual functional capacity, reconsideration of whether Plaintiff is able to perform the demands of her past relevant work, and if warranted, to obtain evidence from a vocational expert. (*Id.* at 160-62).

Upon remand, the ALJ held a second hearing on January 28, 2014. (*Id.* at 52-78). The ALJ issued a second unfavorable decision on April 18, 2015. (*Id.* at 21-44). The ALJ again found Plaintiff not to be under a disability from January 1, 2008, the alleged onset date, through September 30, 2009, the date last insured. (*Id.* at 44). On September 8, 2016, the Appeals

---

[1] Plaintiff also filed an application for Supplemental Security Income, but appears not to have pursued this claim during the administrative process. (Tr. at 211-18; Doc. 19 at 2 n.3).

2

Council considered additional evidence submitted to it and denied Plaintiff's request for review. (*Id.* at 1-5).

Plaintiff filed a Complaint (Doc. 1) in this Court on October 31, 2016. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 14). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functioning capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through September 30, 2009. (Tr. at 28). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date, through September 30, 2009, the date last insured. (*Id.*). At step two, the ALJ found that through September 30, 2009, the date last insured, Plaintiff suffered from the following severe impairments: discogenic and degenerative disorders of the back. (*Id.* at 29). At step three, the

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

ALJ determined that through September 30, 2009, the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (*Id*. at 37). At step four, the ALJ found that through September 30, 2009, the date last insured:

> the undersigned finds on a more probable than not basis, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b), except she was limited to occasional climbing of ladders, stooping and crouching and limited to frequent climbing of ramps and stairs, balancing, kneeling or crawling.

(*Id.* at 40). The ALJ also found that through September 30, 2009, the date last insured, Plaintiff was capable of performing her past relevant work as a computer projects manager. (*Id.* at 44). The ALJ concluded that Plaintiff was not under a disability from January 1, 2008, the alleged onset date, through September 30, 2009, the date last insured. (*Id.*).

## II. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### III. Analysis

On appeal, Plaintiff raises three (3) issues. As stated by Plaintiff, they are:

1) Whether the Administrative Law Judge ("ALJ") erred in failing to find that Plaintiff's depression was a severe impairment given that three doctors and a Licensed Clinical Social Worker assessed depression; a doctor who had at least 24 consultations with Plaintiff opined that Plaintiffs depression was characterized by anhedonia or pervasive loss of interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, decreased energy, feelings of guilt or worthlessness, and difficulty thinking or concentrating; a consulting psychologist found Plaintiff was moderately limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the standard for severity is whether the abnormality is so slight and its effect so mild that it would clearly not be expected to interfere with the individual's ability to work.

2) Whether the ALJ violated Plaintiff's due process rights by refusing to recuse himself given that the ALJ is subject to disciplinary proceedings some of which concern cases in which Plaintiff's counsel was involved, the Merit Systems Protection Board considering such disciplinary proceedings found the ALJ failed to follow agency policy, Middle District of Florida cases have directed the Social Security Administration to assign the ALJ's cases involving Plaintiff's counsel to another ALJ, other Middle District of Florida orders have recommended that the Commissioner consider re-hearing by a different ALJ, and the ALJ himself stated that he is concerned

that actions Plaintiff's Counsel might file "impair or impede (his) ability to protect (his) interests."

3) Whether the ALJ erred in determining that Plaintiff could perform prior relevant work given that the ALJ failed to solicit assistance in characterizing such work from a vocational expert, failed to find Plaintiff had performed a composite job, and made a finding that conflicted with the Dictionary of Occupational Titles.

(Doc. 18 at 1-2).

### A. Whether the ALJ Erred in the Findings as to Plaintiff's Severe Impairments

Plaintiff argues that the ALJ's finding at step two that Plaintiff's mental impairments were not severe is not supported by substantial evidence. (Doc. 18 at 16-19). Plaintiff cites to various medical personnel who assessed Plaintiff with depression or depressive syndrome. (*Id.* at 16-17). The Commissioner argues in response that substantial evidence supports the ALJ's finding at step two that Plaintiff's medically determinable impairment of depression was not severe. (Doc. 19 at 5-13).

At step two of the sequential evaluation, the ALJ analyzes the severity of a claimant's impairments. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work and must last continuously for at least twelve months. *See* 20 C.F.R. § 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely

medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Rather, the ALJ is required to consider a claimant's impairments in combination, whether severe or not. *Id.*

> A severe impairment is an impairment or combination thereof that significantly limits the claimant's physical or mental ability to do basic work activities. . . . The determination of whether the claimant suffers from a severe impairment acts as a filter. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, while a claim is denied if the claimant does not suffer from a severe impairment, the finding of any severe impairment, regardless of whether it qualifies as a disability or results from a single impairment or combination thereof, is sufficient to satisfy the second step of the SSA's sequential analysis. *Id.* Nonetheless, beyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling.

*Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-42 (11th Cir. 2014). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison*, 814 F.2d at 588).

In this case, the ALJ found at step two that Plaintiff had the severe impairments of discogenic and degenerative disorders of the back. (*Id.* at 29). Thus, even if the ALJ erred in finding that Plaintiff's mental impairments were not severe, the ALJ satisfied the step two analysis by finding other impairments severe. *See Griffin*, 560 F. App'x at 841-42. Therefore, any error is harmless as long as the ALJ considered Plaintiff's severe impairments in combination with Plaintiff's non-severe impairments – including her alleged mental impairments. *See id.*

In the decision, the ALJ considered Plaintiff's mental impairments at the third step of the evaluation by finding that Plaintiff did not have an impairment, or *combination of impairments*, that met or medically equaled the severity of one of the listed impairments. (Tr. at 37 (emphasis added)). Further, when determining Plaintiff's RFC, the ALJ stated that he considered all of Plaintiff's symptoms and the extent to which these symptoms that can reasonably be accepted as consistent with the objective medical evidence and other evidence. (*Id.* at 40); *see Griffin*, 560 F. App'x at 842 (citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (noting a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings). In addition, the ALJ also thoroughly considered the medical evidence regarding Plaintiff's mental impairments. (Tr. at 29-40).

The Court finds that even if the ALJ should have found Plaintiff's mental impairments severe, the ALJ fulfilled his responsibility to consider Plaintiff's mental impairments in the remaining steps of her disability analysis. *See Griffin*, 560 F. App'x at 842. Here, the ALJ considered Plaintiff's severe and non-severe impairments in combination. Therefore, the Court finds that even if the ALJ erred in his severity finding, the error was harmless because the ALJ found other severe impairments and considered all of Plaintiff's impairments in combination.[3]

---

[3] In support of her step-two analysis, Plaintiff asserts that "the ALJ did not provide good reason to reject Dr. Selenka's [sic] opinion, saying conclusorily that Dr. Zelenka's opinion: 'is inconsistent with the overall evidence of record available at this time. Dr. Zelenka also did not have the advantage of interacting in person with claimant during two different hearings.'" (Doc. 18 at 18). Plaintiff does not raise a separate issue as to the weight afforded Dr. Zelenka's opinion. The Scheduling Order (Doc. 16) required Plaintiff to: "identify with particularity the discrete grounds upon which the administrative decision is being challenged. Moreover, any such discrete challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards. Any contention for which these requirements are not met is subject to being disregarded for insufficient development." (Doc. 16 at 1). Plaintiff's first ground relates only to the issue of whether the ALJ erred in finding Plaintiff's mental impairments non-severe. Accordingly, the Court will not address the weight the ALJ afforded Dr. Zelenka's opinion. *See Risco v. Astrue*, No. 8:09-CV-1430-T-TGW, 2010 WL 2195455, at

## B. Whether the ALJ Was Biased

During the administrative process, Plaintiff's representative requested that the ALJ recuse himself from the proceeding because the representative had a pending case against the ALJ. (Doc. 18 at 20). The ALJ refused. (*Id.*). Plaintiff claims that the ALJ's failure to recuse himself denied Plaintiff her "due process rights to an impartial decisionmaker." (*Id.* at 21). The Commissioner argues that Plaintiff failed to prove any bias on the part of the ALJ in this case. (Doc. 19 at 13).

On this point, the Court notes that the "impartiality of the ALJ is integral to the integrity of the system." *Hinson v. Colvin*, No. 2:14-cv-222-FtM-DNF, 2014 WL 6769341, at *3 (M.D. Fla. Dec. 1, 2014) (quoting *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996)). Nevertheless, courts "start from the presumption that administrative adjudicators, such as ALJs are unbiased." *Id.* (citing *McClure*, 456 U.S. at 195-96)). "[A] claimant challenging this presumption carries the burden of proving otherwise." *Strople v. Colvin*, No. 3:13-cv-1518-J-34MCR, 2015 WL 1470866, at *7 (M.D. Fla. Mar. 31, 2015).

In this instance, the Court finds that Plaintiff has not provided sufficient evidence to demonstrate that the ALJ was biased as to Plaintiff's case or her representative. Indeed Plaintiff did not support her argument of bias by pointing to specific instances *in this case* where the ALJ showed bias of any type. Thus, there is insufficient evidence to support Plaintiff's assertion that the ALJ was biased against Plaintiff. Moreover, Plaintiff has not shown that other separate litigation – that involved Plaintiff's representative – influenced the ALJ's decision in this case. Further, even assuming *arguendo* that the ALJ was biased, there is substantial evidence of record

---

*4 (M.D. Fla. June 1, 2010); *see also Cherkaoui v. Comm'r of Soc. Sec.*, 678 F. App'x 902, 904 (11th Cir. 2017) ("An appellant abandons a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

that supports the ALJ's decision as to the issues raised by Plaintiff here. Accordingly, the Court declines to remand this case based on Plaintiff's insufficiently supported allegations of bias.

    **C.    Whether the ALJ Erred in Failing to Properly Classify Plaintiff's Past Relevant Work as a Composite Job and in Failing to Consult a Vocational Expert to Assist the ALJ in this Classification**

Plaintiff states that the ALJ did not obtain the testimony of a vocational expert in this case even though Plaintiff's representative requested one, and especially in light of the Appeals Council directing the ALJ on remand to obtain the testimony of vocational expert, if warranted. (Doc. 18 at 22). Plaintiff acknowledges that the ALJ was "not required to obtain evidence from VEs in determining whether a claimant can perform past relevant work." (*Id.* at 22). However, Plaintiff focuses on the composite nature of Plaintiff's past relevant work and argues that a vocational expert is needed to properly classify Plaintiff's past relevant work and determine if Plaintiff is capable of performing it. (*Id.* at 22-24).

The Commissioner argues that substantial evidence supports the ALJ's decision that Plaintiff can perform her past relevant work. (Doc. 19 at 16). The Commissioner asserts that while a vocational expert may be necessary if a plaintiff's past relevant work is a composite job, in this case, Plaintiff's past work managing computer projects was a discrete job separate from her role as an underwriter or service integrator while she worked at Liberty Mutual. (Doc. 19 at 17). Thus, her past relevant work included many different jobs at Liberty Mutual, one of which was the non-composite position of managing computer projects. (*Id.*).

At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F.

App'x 948, 953 (11th Cir. 2010). Even though the burden lies with Plaintiff, the ALJ must consider all of the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work in spite of her impairments. *Levie*, 514 F. App'x at 830. Further, at step four, an ALJ *may* use a vocational expert in determining whether a claimant can return to her past relevant work, but a vocational expert is not required. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n. 2 (11th Cir. 1990); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (vocational expert's testimony may be required at a step five determination for claimant's ability to perform other work, but not at a step four determination for claimant's ability to return to past work); 20 C.F.R. § 404.1560(b)(2).

The ALJ found that Plaintiff was capable of performing her past relevant work as a computer projects manager. (Tr. at 44). The ALJ relied on the DOT to determine that this occupation is at a sedentary exertional level and has an SVP of 8. (*Id.*). The ALJ also determined that Plaintiff's RFC did not preclude her from performing the requirements of this occupation. (*Id.*).[4] The ALJ compared Plaintiff's RFC with the physical and mental demands of this work and determined that Plaintiff was able to perform her past relevant work as she actually performed it or as such work was generally performed in the regional and national economy. (*Id.*).

Earlier in the decision, the ALJ twice noted that Plaintiff completed four or more years of college and that she worked full-time managing computer projects for a company, citing to the

---

[4] In one sentence, Plaintiff implies another reason the ALJ should have obtained the testimony of a vocational expert is that "Plaintiff had impairments including depression and anxiety (Tr. 29) that *suggest* non exertional limitations giving rise to the need for job analysis." (Doc. 18 at 22 (emphasis added)). As stated above, the ALJ considered Plaintiff's RFC in determining that Plaintiff was capable of returning to her past relevant work. (Tr. at 44). Her RFC determination does not include non-exertional limitations. (*Id.* at 40).

11

Disability Report – Adult completed by Plaintiff. (*Id.* at 39, 40, 249-51). Moreover, Plaintiff testified that her job duties included computer programming and to take application development tools and code applications for use in the investment department. (*Id.* at 57-58). Plaintiff also testified that she then would also manage the process and make sure that the employees were doing what they were supposed to do. (*Id.* at 58). Plaintiff further testified that she remained seated for most of the day while performing this job. (*Id.* at 62). The Court finds that the ALJ considered the duties of Plaintiff's past relevant work and evaluated her ability to perform that work despite her impairments.

Plaintiff also argues that the ALJ should have obtained the testimony of a vocational expert because Plaintiff's past relevant work was a composite job of project manager, clerical worker, underwriter, director of service integration, and computer programmer. (Doc. 18 at 23). The Commissioner contends that Plaintiff had discrete different positions at Liberty Mutual and managing computer projects was one such position. (Doc. 19 at 17-18).

A composite job is "one that has significant elements of two or more occupations and, as such, has no counterpart in the DOT." *Paxton v. Colvin*, 2013 WL 1909609, *4 (M.D. Fla. May 8, 2013). The ALJ recognized that Plaintiff performed a variety of jobs while working at Liberty Mutual. (Tr. at 30). The ALJ noted that Plaintiff worked as an underwriter, then as a liaison between the business and other companies, and then worked with computers, reengineering projects and programming. (*Id.*). Likewise, Plaintiff completed forms indicating that she had a number of different type of jobs at Liberty Mutual, such as managing computer projects, which is a separate job from director of service integration, and underwriting. (Tr. at 263, 265, 266, 703). Plaintiff described her managing computer projects position as follows: "developed and managed computer applications/projects for various departments in an insurance company" and

12

Plaintiff provided the requirements of the position. (*Id.* at 265). The Court finds that the record supports the ALJ's decision that Plaintiff's past relevant work managing computer projects is not a composite position.

Thus, the Court finds that the ALJ did not err in finding Plaintiff able to perform her past relevant work as managing computer projects and further did not err in finding this was a non-composite position. Finally, the Court finds that the ALJ did not err by determining Plaintiff could return to her past relevant work without obtaining the testimony of a vocational expert. The Court finds that the ALJ's decision that Plaintiff was capable of performing her past relevant work is supported by substantial evidence.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 13, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties